**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| TAVARES TYSON, ) | CASE NO. 3:06CV2214 |
| ) | |
| Petitioner, ) | |
| ) | JUDGE PATRICIA A. GAUGHAN |
| v. ) | |
| ) | MAGISTRATE JUDGE VECCHIARELLI |
| KHELLEH KONTEH, Warden, ) | |
| ) | |
| Respondent. ) | **REPORT & RECOMMENDATION** |

Petitioner, Tavares Tyson ("Tyson"), challenges the constitutionality of his conviction in the cases of *State v. Tyson*, Allen County Common Pleas Case Nos. CR2003-0330 and CR2004-0113.  Tavares, *pro se*, filed a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on September 13, 2006 with the United States District Court for the Northern District of Ohio.  On January 16, 2007, Respondent filed his Answer/Return of Writ.  (Doc. No. 5.)  Tyson filed his Traverse on February 12, 2007.  (Doc. No. 6.)  This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2.  For reasons set forth in detail below, the Magistrate Judge recommends Tyson's petition be DENIED.

**I. Procedural History**

**A.  Conviction**

The Allen County Grand Jury charged Tyson with one count of burglary in violation of

Ohio Revised Code ("O.R.C.") § 2911.12(A)(1) with a firearm specification in Criminal Case No. CR2004-0113 and one count of aggravated robbery in violation of O.R.C. § 2911.01(A)(1) with a firearm specification in Criminal Case No. CR2003-0330. (Doc. No. 5, Exhs. A & B.) The two criminal cases were consolidated for trial. (Doc. No. 5, Exh. C.)

Tyson pled "not guilty" to all charges in the indictments.[1] (Doc. No. 5, Exhs. D & E.) On April 1, 2004, a jury found Tyson guilty on all counts. *Id*. On April 16, 2004, Tyson, through counsel, filed a motion for a new trial pursuant to Ohio Criminal Rule 33. (Doc. No. 5, Exh. F.) The court denied Tyson's motion. (Doc. No. 5, Exh. G.) On May 10, 2004, the trial court sentenced Tyson to a prison term of eight years for aggravated robbery and six years for burglary. (Doc. No. 5, Exhs. H & I.) The trial court also imposed a mandatory prison term of three years for each of the firearm specifications that were merged for sentencing. *Id*. The trial court ordered the sentences to be served consecutively for a total prison term of seventeen years. *Id*.

## B. Direct Appeal

Tyson, represented by new counsel Maria Santo, timely filed Notices of Appeal concerning his convictions for burglary and aggravated robbery. On May 27, 2004, the state appellate court consolidated the two cases on appeal. (Doc. No. 5, Exh. J.) On August 30, 2004, Tyson's appellate counsel filed a brief raising the following assignments of error: (1) the jury verdict was against the manifest weight of the evidence; and (2) the trial court imposed a sentence contrary to law. On March 14, 2005, the state appellate court affirmed the trial court's

---

[1] During all pretrial proceedings and trial, Tyson was represented by attorney Stephen F. Chamberlain.

2

judgment. (Doc. No. 5, Exh. N.) On March 28, 2005, Tyson, acting *pro se*, filed a Motion for Reconsideration pursuant to Ohio Appellate Rule 26(A) "Rule 26(A)."[2] (Doc. No. 5, Exh. O.)

On May 11, 2006, over a year after the state appellate court affirmed the trial court's judgment, Tyson, *pro se*, filed a Motion to File Delayed Appeal with the Supreme Court of Ohio. (Doc. No. 5, Exh. R.) On July 5, 2006, the Supreme Court of Ohio denied Tyson's motion to file a delayed appeal. (Doc. No. 5, Exh. S.)

**C.  First Application to Reopen Direct Appeal**

On April 7, 2005, Tyson, *pro se*, filed an application to reopen his direct appeal pursuant to Ohio App. R. 26(B) ("Rule 26(B)"). (Doc. No. 5, Exh. T.) Tyson alleged that his appellate counsel was ineffective for failing to challenge the constitutionality of his sentence based upon the Supreme Court's holdings in *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005). On May 6, 2005, the state appellate court denied Tyson's Rule 26(B) application as well as his aforementioned Rule 26(A) application for reconsideration. (Doc. No. 5, Exh. P.) Tyson did not appeal this decision to the Ohio Supreme Court.

**D.   Second Application to Reopen Direct Appeal**

On June 9, 2005, Tyson, *pro se*, filed a second application to reopen his direct appeal pursuant to Rule 26(B). (Doc. No. 5, Exh. U.) On August 3, 2005, the state appellate court denied Tyson's second Rule 26(B) application. (Doc. No. 5, Exh. V.) Tyson did not appeal this decision to the Ohio Supreme Court.

---

[2] Rule 26(A) expressly states that an application for reconsideration "shall not extend the time for filing a notice of appeal in the Supreme Court."

3

**E.      Federal Habeas Petition**

Tyson filed a Petition for Writ of Habeas Corpus on September 13, 2006 and asserted the following grounds for relief:

> Ground One: Petitioner's sentence is unconstitutional pursuant to clearly established federal law.
>
> Ground Two: Petitioner was denied effective assistance of appellate counsel because appellate counsel: failed to raise a constitutional error with respect to his sentence; failed to argue that there was insufficient evidence to support his convictions; and failed to raise as error prosecutorial misconduct.

(Doc. No. 1.)

## II.  Summary of Facts

The state appellate court summarized the facts underlying Tyson's conviction as follows:

> Defendant-appellant, Tavares Tyson (hereinafter "Tyson"), appeals the judgment of the Allen County Court of Common Pleas, finding him guilty of one count of Aggravated Robbery with a firearm specification, in violation of R.C. 2911.01(A)(1), a felony of the first degree, and one count of Burglary with a firearm specification, in violation of R.C. 2911.12(A)(1), a felony of the second degree. As a result of these convictions, Tyson was sentenced to a seventeen year prison term.
>
> On July 30, 2003, around midnight, Tyson appeared at the home of John Ferris in Lima, Ohio. At the time, Ferris was at home with three friends. Tyson knocked on the door and asked Ferris if he had a car for sale. Ferris replied that he did not and Tyson left Ferris's residence.
>
> Approximately twenty minutes later, there was another knock at the door. One of Ferris's friends opened the door and four men, armed with guns, entered the residence and demanded money. Ferris told the men he had some money upstairs and he was taken at gunpoint by two of the intruders to retrieve the money from his bedroom. Ferris was robbed of approximately one thousand dollars and was struck in the face with a gun by one of the men. After the intruders left Ferris's residence, Ferris called the police. Upon questioning by the police, Ferris and one of his friends identified Tyson as one of the intruders.

(Doc. No. 5, Exh N.)

### III. Procedural Default

Respondent asserts that Tyson procedurally defaulted all of his claims because Tyson did not appeal any of his claims to the Supreme Court of Ohio. Tyson appears to argue that his *pro se* status and lack of familiarity with court procedural rules constitutes sufficient cause to excuse procedural default. (Doc. No. 6 at 3-5.)

**A. Standard**

Procedural default occurs when the petitioner fails to present his federal constitutional claim to the state courts in the manner required by state procedural law, and the state courts impose the procedural bar of refusing to review the merits of the alleged error. Even constitutional errors will not be noticed on federal habeas corpus review if an adequate and independent state law ground exists for upholding the conviction or sentence. *Coleman v. Thompson,* 501 U.S. 722, 729-32 (1991). The denial of an appeal for non-compliance with the time limit prescribed by the state is an adequate and independent state ground. *Id.* at 751.

The procedural default may be excused if the petitioner shows cause for the procedural default and prejudice from the alleged error. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Specifically, the Sixth Circuit's *Maupin* decision sets out four inquiries that a district court should make when the state argues that a habeas claim has been defaulted by petitioner's failure to observe a state procedural rule. First, the court must determine whether there is a procedural rule that is applicable to the claim at issue and whether the petitioner did, in fact, fail to follow it. *Id.* at 138. Second, the Court must decide whether the state courts actually enforced its procedural sanction. *Id*. Third, the court must decide whether the state's procedural forfeiture is an "adequate and independent" ground on which the state can rely to foreclose review of a

federal constitutional claim. Such a rule is adequate if it is regularly or consistently applied by the state court, *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988), and is independent if it does not depend on a federal constitutional ruling. *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985). Fourth, the petitioner must demonstrate, consistent with *Wainwright v. Sykes*, 433 U.S. 72 (1977), that there was "cause" for him to neglect the procedural rule and that he was actually prejudiced by the alleged constitutional error.

In addition, a federal court is barred from hearing issues that could have been raised in the state courts, but were not, and now may not be presented to the state courts due to procedural default or waiver. *Wainwright*, 433 U.S. at 72. Failure to fairly present the federal claim to the state courts, especially if the petitioner is barred from returning to state court with it, waives the claim for purposes of federal habeas corpus review. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Fields v. Bagley*, 275 F.3d 478, 482 (6th Cir. 2001) ("If the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[, then] there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims."), *quoting Coleman,* 501 U.S. at 722.

**B.     Ground One: Sentence Is Unconstitutional**

In his first ground for relief, Tyson argues that his sentence was contrary to law and unconstitutional. (Doc. No. 1.) In his direct appeal before the Court of Appeals for Allen County, Tyson raised the following claims: (1) the jury verdict was against the manifest weight

of the evidence; and (2) the trial court imposed a sentence contrary to law.[3] (Doc. No. 5, Exh. K.)

The Ohio Supreme Court received a Notice of Appeal from Tyson on April 25, 2005, slightly more than thirty days after the state appellate court's decision. (Doc. No. 5, Exh. Q.) By Tyson's own admission, his appeal was never filed by the Ohio Supreme Court because he failed to include all necessary documentation and did not submit a memorandum in support. (Doc. No. 5, Exh. R.) Over a year later, on May 23, 2006, Tyson filed a Motion to File a Delayed Appeal with the Ohio Supreme Court. *Id*. His motion explained why he was unable to timely file his appeal and listed the issues he would have raised without supporting argument.[4] *Id*. The Ohio Supreme Court denied Tyson's motion to file a delayed appeal. (Doc. No. 5, Exh. S.) Therefore, while Tyson exhausted these claims, the Supreme Court never addressed the merits of his claims.

Ohio Supreme Court Rule § 2(A) requires that an appeal be perfected within 45 days from the entry of the judgment being appealed and failure to do so "divest[s] the Supreme Court of jurisdiction to hear the appeal." Ohio Supreme Court Rule II § 2(A)(4) does allow a felon to seek to file a delayed appeal after expiration of the deadline, which the Supreme Court has discretion to hear if its finds adequate reasons for delay. Here, the Ohio Supreme Court actually enforced its procedural rule requiring appeals to be perfected within 45 days by denying Tyson's motion to file a delayed appeal. The Sixth Circuit has recognized that a refusal by the Ohio

---

[3] In his appellate brief, Tyson's argument that his sentence was contrary to the law is based exclusively on Ohio law. Tyson first raised a *Blakely* claim in his application for reconsideration made pursuant to Rule 26(A).

[4] Pursuant to Ohio Supreme Court Rule § 2(A)(4)(c), a memorandum in support of jurisdiction is only to be filed if the Supreme Court grants the motion to file a delayed appeal.

7

Supreme Court to hear a delayed appeal amounts to an adequate procedural bar precluding habeas review. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (Ohio Supreme Court's denial of Bonilla's motion for leave to file a delayed appeal constitutes a procedural ruling sufficient to bar federal court review of Bonilla's habeas corpus petition), *citing Shabazz v. State of Ohio*, 1998 U.S. App. LEXIS 13444, *3 (6th Cir. June 18, 1998) (unpublished) (The petitioner procedurally defaulted his claims because he did not timely appeal to Ohio Supreme Court and the Ohio Supreme Court denied his motion for delayed appeal); *Hall v. Huffman*, 2000 U.S. App. LEXIS 25956 (6th Cir. Oct. 11, 2000) (unpublished); *Barkley v. Konteh*, 240 F. Supp.2d 708 (N.D. Ohio 2002).

Although Tyson's claim is procedurally defaulted, a federal court may consider a petitioner's procedurally defaulted claims if the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *See Teague*, 489 U.S. at 298-99; *Coleman*, 501 U.S. at 750. Tyson's assertion that he was ignorant of the procedural requirements are insufficient to show cause. *See Bonilla*, 370 F.3d at 498 (holding that a petitioner failed to establish cause for his procedural default despite alleging a sudden departure of his attorney, ignorance of legal and procedural requirements, *pro se* status, and limited access to a law library); *Johnson v. Wilson*, 2006 U.S. App. LEXIS 15479 at **7-8 (6th Cir. June 16, 2006); *Monzo v. Edwards*, 281 F.3d 568, 578 ("Lack of effort or imagination, and ignorance of the law, are not such circumstances and do not automatically establish good cause for failure to seek timely relief.") Accordingly, Tyson has to establish cause sufficient to excuse his procedural default.

For the foregoing reasons, ground one of Tyson's petition should be dismissed as procedurally defaulted.

**C.      Ground Two: Ineffective Assistance of Appellate Counsel**

In his second ground for relief, Tyson argues that he was denied effective assistance of appellate counsel because his appellate counsel (1) failed to raise a reversible sentencing error, (2) failed to argue that his conviction was not supported by sufficient evidence, and (3) failed to raise the issue of prosecutorial misconduct.  (Doc. No. 1.)  In his first Rule 26(B) application to reopen direct appeal, Tyson raised only the first of the these three arguments, but raised all three in his second application to reopen.  (Doc. No. 5, Exhs. T & U.)  The state appellate court denied both applications.  (Doc. No. 5, Exhs. P & V.)  Tyson failed to appeal either to the Supreme Court of Ohio.

Tyson failed to exhaust his ineffective assistance of appellate counsel claim.  However, he would be unable to return to state court, as the Ohio Supreme Court would refuse to hear a delayed appeal of Tyson's Rule 26(B) application. Ohio Supreme Court Rule II § 2(A)(4)(b) expressly states that "[t]he provision for delayed appeals ... does not apply to appeals involving postconviction relief, including appeals brought pursuant to *State v. Murnahan* (1992), 63 Ohio St.3d 60, and App. R. 26(B)."  In fact, the same rule expressly instructs the clerk of court not to file such motions.  Thus, Tyson has procedurally defaulted these claims.  *See Fields*, 275 F.3d at 482 ("If the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[, then] there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his

9

claims.") (citations omitted).

As discussed in the preceding section, Tyson has not demonstrated cause for the procedural default and actual prejudice resulting from the alleged constitutional error. Therefore, ground two of Tyson's petition also should be dismissed as procedurally defaulted.

### IV. Conclusion

For the foregoing reasons, the Magistrate Judge recommends Tyson's Petition be DENIED.

/s/ *Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date: September 25, 2007

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**