**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Tavares Tyson,** | ) | **CASE NO. 3:06 CV 2214** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Khelleh Konteh, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Respondent.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Vecchiarelli  (Doc. 9) which recommends denial of the Petition for Writ of Habeas Corpus pending before the Court.  For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, Tavaras Tyson, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The Magistrate Judge issued her Report and Recommendation recommending that the Petition be denied. Petitioner filed Objections to the Report and Recommendation.

1

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

Petitioner was found guilty by a jury of one count of burglary with a firearm specification and one count of aggravated robbery with a firearm specification.  He was sentenced to a prison term of eight years for the aggravated robbery and six years for burglary. The trial court also imposed a mandatory prison term of three years for each of the firearm specifications that were merged for sentencing, and ordered the sentences to be served consecutively for a total prison term of seventeen years.

The Magistrate Judge determined that both grounds raised in the Petition were procedurally defaulted.  Although petitioner filed his Petition and his Traverse in a *pro se* capacity, an attorney (without filing a notice of appearance) filed Objections on his behalf.  It is asserted therein that the Magistrate Judge failed to completely consider petitioner's showing of cause for his procedural default.  The Magistrate Judge pointed out that petitioner acknowledged his failure to include necessary documentation in his attempt to appeal to the Ohio Supreme Court, and concluded that ignorance of procedural requirements is insufficient to show cause. Petitioner's counsel contends that the Magistrate Judge overlooked petitioner's additional assertion that his appeal was "sent back inter-departmental mail, lapsing the filing deadline." Counsel states that petitioner was, therefore, claiming that the prison system and courts did not

2

return his filing in a timely manner which would have enabled him to make the necessary

corrections and file the appeal in a timely manner.  Petitioner, however, did not make such an

assertion.  Further, in his motion to file a delayed appeal, which the Ohio Supreme Court denied,

petitioner likewise asserted that his appeal was untimely due to his failure to include necessary

documentation of which he was unaware because of his *pro se* status.

This Court agrees that petitioner failed to show cause for his procedural default.

Counsel additionally presents a new argument in the Objections.  After presenting his

argument with regard to procedural default, counsel states, "All that said, however, it may

actually be the case that this Petition for Writ of Habeas Corpus should be dismissed for a

completely different reason."  (Doc. 11 at 2) Counsel proceeds to assert that because the trial

court failed to specify at sentencing whether the imposition of post-release control was for one or

for both counts, the original sentence may be incomplete.  It would appear, counsel states, that

there has been no final appealable order and all subsequent decisions of the Ohio courts are moot

as being without jurisdiction.  Counsel does not actually request a dismissal (presumably without

prejudice).  Regardless, however, this is a new argument which the Magistrate Judge never had

an opportunity to consider.  Petitioner's failure to raise this claim before the Magistrate Judge

constitutes waiver.  *See Murr v. U.S.*, 200 F.3d 895 (6th Cir. 2000) (citations omitted) ("Courts

have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review

by the district court if timely objections are filed, absent compelling reasons, it does not allow

parties to raise at the district court stage new arguments or issues that were not presented to the

magistrate.") and *United States v. Waters*, 158 F.3d 933, 936 (6th Cir.1998) ("Issues raised for

the first time in objections to magistrate judge's report and recommendation are deemed

waived")

For the foregoing reasons, petitioner has not demonstrated that the Petition for Writ of Habeas Corpus should be granted.

**<u>Conclusion</u>**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is denied.  Further, this Court hereby fully incorporates the Report and Recommendation by reference herein.

Furthermore, the Court declines to issue a certificate of appealability.  28 U.S.C. § 2253(c) provides:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

If the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong."  *Id.* at 484.  In instances where a claim is  procedurally defaulted, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.* (emphasis supplied).

For the reasons stated herein and in the Report and Recommendation, the Court does not find that  petitioner has satisfied this showing.  Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan_____
PATRICIA A. GAUGHAN
United States District Judge


Dated: 12/19/07

5